JOHN DOE, upon the demise of LIZZIE E. WOOLLEY *vs.* RICHARD ROE, casual ejector, and MICHAEL CORBIT, MARY CORBIT and MAGGIE CORBIT, tenants in possession.

*Ejectment—Rule to Show Cause why Judgment Should not be Set Aside—Sheriff's Return—Personal Service Denied— Attacking Return; Must be Under the Statute; When too Late—Rule of Court.*

1. The return of the Sheriff in an action of ejectment, as to service, can only be attacked under *Chapter 102, Section 3, page 775, Rev. Code*; and under Rule of Court 9, Section 17, an application to take off a judgment because of want of notice or knowledge of the suit, must be made on or before the last day of the term nex after such judgment.

*(February 15, 1902.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Victor B. Woolley* for plaintiff in judgment.

*Anthony Higgins* for defendant.

Superior Court, New Castle County, February Term, 1902.

ACTION OF EJECTMENT (No. 33, Septembor Term, 1901). Rule to show cause why judgment should not be set aside, because, as claimed, no service had actually been had upon the defendant. The petition of the defendant stated, among other things, the following:

" 1.   That on the first day of October, A. D. 1901, upon filing a declaration and on the motion of the plaintiff's attorney, judgment for want of appearance was entered in this Court in the above entitled cause, against your petitioners, the defendants therein, it being an action of ejectment.

"2. That the return of the Sheriff, Samuel McDaniel of said county, in said cause, upon which said return the judgment for want of appearance against the defendants was founded, is as follows:

" 'Served personally the within declaration in ejectment on Michael Corbit, Mary Corbit and Maggie Corbit, tenants in possession, and left copy in their hands June 25th, 1901, at 8 P. M.' "

And that upon the declaration in said case the said Sheriff made affidavit as follows:

" 'That on the 25th day of June, A. D. 1901, he left a copy of the within declaration of ejectment in the within named case in the hands of Michael Corbit, a similar copy in the hands of Mary Corbit, and a similar copy in the hands of Maggie Corbit, tenants in possession, and defendants named herein, and summoned them personally.'

"3. The defendants, Michael J. Corbit, Mary C. Corbit and Margaret E. Corbit, aver that they never were served personally with said declaration or any copy thereof by the said Sheriff; that neither the said Sheriff nor any deputy of his left any copy of said declaration in ejectment in said case in the hands of them or either of them; and that neither the said Sheriff nor any deputy of his served them or either of them personally; and that no service in said cause of the declaration therein or any copy thereof was ever made upon these defendants or any of them; and that, therefore, they did not enter or cause to be entered any appearance in said cause at the September Term thereof."

*Woolley*, for the plaintiff, moved to discharge the rule with costs, because the application to open and set aside the judgment was not made on or before the last day of the term next after such judgment.

*Superior Court Rules—Rule 9, Sec. 17; Rev. Code, 775, Chap 102, Sec. 3.*

LORE, C. J.:—The return of the Sheriff shows personal service on the defendants on the 25th day of June, 1901. On the first day of October, 1901, judgment for want of an appearance was rendered by the plaintiff as of the September Term, 1901.

This return of the Sheriff imports verity, and is conclusive between the parties as to such service.

· *Stidham vs. Thatcher, 2 Pennewill, 567; Bennethum vs. Bowers, 133 Pa. St., 332.*

Such service can only be attacked in proceedings of this nature, under *Revised Code, 775, Chapter 102, Section 3.*

This statute provides, in case of judgment for default of appearance : "If the defendant shall, at or before the next term after such judgment, by affidavit deny notice or knowledge of such suit, before judgment was rendered, and shall allege that there is a just and legal defense to the action or some part thereof, such judgment shall be taken off and he shall be permitted to appear."

By Rule 9, Section 17, "Such application must be made on or before the last day of the term next after such judgment."

This application was not made at the November Term, 1901, the next term after the judgment, but at the February Term, 1902, the second term thereafter, and is therefore too late.

Rule discharged.